The Chancellor.
The testimony was taken in this suit, and between the present parties. It is true it was taken before issue, and prior to the answer being put in. But it was taken upon matters involved in the allegations of the bill, and which the defendants must necessarily have admitted or denied by their answer. The evidence was taken upon notice. The defendants were present by their counsel, and had the benefit of cross-examining the witnesses. It is not shown now how the defendants can be prejudiced by permitting the evidence to be read on the hearing.
Upon bill and cross-bill, where there are the same parties, and the evidence is applicable to the issues in both suits, in a hearing upon the cross-bill, the testimony taken in the original suit will be admitted. The court, however, will not permit testimony taken in the original suit, not relevant to the issue in that suit, to be read, although it is relevant to the issue made by the pleadings to the suit in the cross-bill. It was so decided in Underhill v. Van Cortlandt, 2 J. C. R. 355. The reason given in that case by the Chancellor, is that the opposite party is not supposed to have cross-examined the witness with any other view except as to the issue upon which the evidence was taken.
In Lubier v. Genow (2 Ves. 579), upon bill and cross-bill, depositions were taken in the original suit: the original bill was dismissed. The depositions wore permitted to be read in the suit upon the cross-bill, although the original bill was dismissed.
I can see no valid objection to permitting the depositions to be read, so far as they are relevant to the matters now in issue, and which were involved in the controversy in which they were taken.
Let an order be made to read the depositions, subject to all just exceptions.